UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-cv-1298 |
| | ) | |
| CITY OF MANCHESTER, MISSOURI, | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| | ) | **AND INJUNCTIVE RELIEF** |
| Defendant. | ) | |

**INTRODUCTION**

1. Plaintiff is a United States citizen and a member of the Westboro Baptist Church (WBC). As part of her sincerely held religious beliefs, practices, and duties, Plaintiff desires to protest at certain funerals. Plaintiff has participated in these protests throughout the United States, including in Missouri, and desires to be able to conduct said protests in the City of Manchester, Missouri, without fear of being arrested or prosecuted for engaging in activity protected by the First and Fourteenth Amendments.

2. This lawsuit contends that § 210.264 of the City of Manchester Code of Ordinances impermissibly infringes upon individual speech, religious liberty, and assembly rights, as set forth in the First Amendment to the Constitution of the United States and incorporated to the states and their municipalities by the Fourteenth Amendment.

3. As a result of Defendant's enactment and enforcement of § 210.264 and the lack of clarity about what speech is criminal under the ordinance, Plaintiff and other church members have been, and are, chilled in their efforts to engage in protected speech activities inspired by their religious beliefs within the City of Manchester.  Unless Defendant and its agents are

1

enjoined from enforcing this ordinance, Plaintiff will in the future be irreparably harmed and effectively chilled from expressing her religious beliefs through non-disruptive, non-disorderly picketing and protests that are protected by the First and Fourteenth Amendments.

4.     This action seeks entry of a declaratory judgment finding that § 210.264 is unconstitutional as well as preliminary and permanent injunctions prohibiting the enforcement of this criminal ordinance.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. § 1983.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D. Mo. L.R. 2.07(A)(1).  Defendant is a municipality located in St. Louis County, Missouri.

## PARTIES

7.     Plaintiff is a resident of Topeka, Kansas.  She is a member of WBC.  WBC follows Primitive Baptist and Calvinist doctrines.   Based on these doctrines, church members, including Plaintiff, believe that homosexuality is a sin and an abomination.  They believe homosexuality is an abomination, integrally related to idolatry, and indicative of the final reprobation of an individual; it follows, according to their beliefs, that acceptance of homosexuality by society prompts divine judgment.  They further believe that God is punishing America for the sin of homosexuality and other policies of sin by killing Americans, including soldiers.  Because God is omnipotent to cause or prevent tragedy, they believe that when tragedy strikes it is indicative of God's wrath.

8.     Plaintiff and other church members have long expressed their religious views by engaging in picketing and protesting.  They have protested at churches, theaters, parades,

2

colleges, government buildings, religious conventions, and various other public events that they view as promoting homosexuality, idolatry, and other sin.  For many years, they have also picketed and protested near funerals of gay persons, persons who died from AIDS, people whose lifestyles they believe to be sinful but who are touted as heroic upon their death, and people whose actions while alive had supported homosexuality and other activities they consider proud sin.

9. The purpose of picketing and protesting near funerals is to use an available public platform to publish Plaintiff and other church members' religious message: that God's promise of love and heaven for those who obey him in this life is counterbalanced by God's wrath and hell for those who do not. The funerals of soldiers, in Plaintiff's view, have become an internationally watched platform where the question of whether God is cursing or blessing America is being discussed. Plaintiff and her church believe that the scriptures teach that an individual who dies on the battlefield for a nation that is at enmity with God cannot go to heaven and, despite the views of public figures and the public at large, is not a hero. Further, they observe that the lives, deaths, funerals, and public mourning of soldiers are topics of intense and detailed public discussion, with frequent lengthy media reports and routine commentary by public figures including elected officials, clergy, military leaders, and other leaders and by members of the public.  For this reason, it is imperative to Plaintiff's faith that the published contradictory message from public figures and others on this public topic be balanced with a scriptural message at the time it is being uttered. Further, Plaintiff and other church members believe that funerals, burials, and memorial services are times when the eyes, ears, and hearts of mankind are attending to matters of eternity. Plaintiff and her church believe it is too late for the dead, but not for the living. Also, Plaintiff and her church believe that one of the great sins of America is idolatry in the form of

worshiping the human instead of God and that, in America, this has taken the form of intense worship of the dead, particularly soldiers. For all these reasons, this public platform is the only place where this religious message can and must be delivered in a timely and relevant manner to those attending the funeral and to those participating in the public events and displays outside the funeral.

10. Defendant City of Manchester, Missouri, is a municipality and political subdivision of the State of Missouri.

11. At all relevant times, Defendant and its officers and agents were acting under color of state law.

**ORDINANCE AT ISSUE**

12. On or about March 5, 2007, Defendant enacted ordinance no. 07-1746 which was codified as § 210.264.

13. Section 210.264 reads as follows:

FUNERAL PROTESTS PROHIBITED, WHEN -- CITATION OF LAW -- DEFINITION

A. This Section shall be known as "Spc. Edward Lee Myers' Law".

B. It shall be unlawful for any person to engage in picketing or other protest activities within three hundred (300) feet in front of or about any location at which a funeral is held, within one (1) hour prior to the commencement of any funeraland until one (1) hour following the cessation of any funeral. Each day on which a violation occurs shall constitute a separate offense.

C.  For the purposes of this Section, "funeral" means the ceremonies, processions and memorial services held in connection with the burial or cremation of the dead.  (Ord. No. 07-1746 §1, 3-5-07)

**FACTUAL ALLEGATIONS**

14.  Plaintiff and other church members have picketed and protested near funerals within Manchester, Missouri, and plan to do so again in the future. At all times, Plaintiff's protests were pursuant to her firmly and sincerely held religious beliefs.

15.  Defendant enacted § 210.264 in response to the content and viewpoint of the protests and pickets conducted by Plaintiff and other members of her church.

16.  As a result of Defendant's ordinance, Plaintiff and other WBC members are now—and will be in the future—chilled from fully exercising their First Amendment rights in the City of Manchester.

**COUNT I**

*Declaratory Judgment that § 210.264 is Unconstitutional*

*Under the Free Speech Provisions of the First Amendment*

17.  Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

18.  Section 210.264 is a content-based or viewpoint-based restriction on speech, or both.

19.  Defendant has no legitimate, compelling, or other interest to support § 210.264's restrictions on speech.

20.  Section 210.264 is not narrowly tailored to achieve any compelling government interest.

21. Section 210.264 is unconstitutionally over-broad.

22. Section 210.264 is unduly vague such that reasonable persons and law enforcement officers are not on notice as to precisely what conduct is prohibited.

23. Section 210.264 fails to leave open ample alternatives for Plaintiff's speech.

## COUNT II

*Declaratory Judgment that § 210.264 is Unconstitutional*

*Under the Free Exercise Clause of the First Amendment*

24. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

25. Defendant has no legitimate, compelling, or other interest to support § 210.264's restrictions on speech.

26. Section 210.264 is not narrowly tailored to achieve any legitimate government interest.

27. Section 210.264 restricts Plaintiff's right to freely practice her religion and express her religious beliefs.

## COUNT III

*Declaratory Judgment that § 210.264 is Unconstitutional*

*Under the Freedom of Association Provisions of the First Amendment*

28. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

29. Defendant has no legitimate, compelling, or other interest to support § 210.264's restrictions on speech.

30. Section 210.264 is not narrowly tailored to achieve any legitimate government

interest.

     31.    Section 210.264 restricts Plaintiff's right to peaceably assemble and associate in violation of the First and Fourteenth Amendments.

    WHEREFORE, the plaintiff prays this Court:

        A.    Enter declaratory judgment finding § 210.264 of the City of Manchester Code of Ordinances unconstitutional;

        B.    Upon proper motion, issue preliminary and permanent injunctions enjoining enforcement of § 210.264;

        C.    Award Plaintiff costs, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

        D.    Allow such other and further relief to which Plaintiff may be entitled.

                      Respectfully submitted,

                      AMERICAN CIVIL LIBERTIES UNION OF
                       EASTERN MISSOURI

                      /s/ Anthony E. Rothert
                      ANTHONY E. ROTHERT, Mo. Bar # # 518779
                      American Civil Liberties Union of Eastern Missouri
                      454 Whittier Street
                      St. Louis, Missouri 63108
                      (314) 652-3114
                      FAX: (314) 652-3112

                      ATTORNEYS FOR PLAINTIFF