UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER and | ) | |
| | ) | |
| MEGAN PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-cv-1298-CDP |
| | ) | |
| CITY OF MANCHESTER, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.      Shirley L. Phelps-Roper and Megan Phelps-Roper (hereinafter "Plaintiffs") are

United States citizens and members of Westboro Baptist Church (WBC). As part of their

sincerely held religious beliefs, practices, and duties, Plaintiffs desire to peacefully picket on

public sidewalks near certain funerals. Plaintiffs have participated in these protests throughout

the United States and desire to be able to conduct said protests in the City of Manchester,

Missouri, without fear of being arrested or prosecuted for engaging in activity protected by the

First and Fourteenth Amendments.

2.      This lawsuit contends that § 210.264 of the City of Manchester Code of

Ordinances impermissibly infringes upon individual speech, religious liberty, and assembly

rights, as set forth in the First Amendment to the Constitution of the United States and

incorporated to the states and their municipalities by the Fourteenth Amendment.

3.      As a result of Defendant's enactment of  § 210.264, Plaintiffs and other church

members have been, and are, chilled in their efforts to engage in protected speech activities

inspired by their religious beliefs within the City of Manchester.  Unless Defendant and its agents

are enjoined from enforcing this ordinance, Plaintiffs will in the future be irreparably harmed and

effectively chilled from expressing their religious beliefs through non-disruptive, non-disorderly

picketing that is protected by the First and Fourteenth Amendments.

## JURISDICTION AND VENUE

4.        This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201 and 42 U.S.C. §

1983.

5.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D. Mo. L.R.

2.07(A)(1).  Defendant is a municipality located in St. Louis County, Missouri.

## PLAINTIFFS AND THEIR PICKETS

6.        Plaintiffs are residents of Topeka, Kansas.  They are members of WBC.  WBC

follows Primitive Baptist and Calvinist doctrines.  Based on these doctrines, church members,

including Plaintiffs, believe that homosexuality is an abomination, integrally related to idolatry,

and indicative of the final reprobation of an individual; it follows, according to their beliefs, that

acceptance of homosexuality by society prompts divine judgment.  They further believe that God

is punishing America for the sin of homosexuality and other policies that they believe promote

sin by killing Americans, including soldiers.  Because God is omnipotent to cause or prevent

tragedy, they believe that when tragedy strikes it is indicative of God's wrath.

7.        Plaintiffs and other church members have long expressed their religious views by

engaging in picketing.  They have picketed at churches, theaters, parades, colleges, government

buildings, religious conventions, and various other public events that they view as promoting

homosexuality, idolatry, and other sin.   For many years, they have also picketed near funerals of

2

gay persons, persons who died from AIDS, people whose lifestyles they believe to be sinful but who are touted as heroic upon their death, and people whose actions while alive had supported homosexuality and other activities they consider proud sin.  Plaintiffs' pickets are not disruptive or undertaken to disrupt or disturb a funeral or burial service or a funeral procession.

8.	The purpose of picketing near funerals is to use an available public platform to publish the religious message of Plaintiffs and other church members: that God's promise of love and heaven for those who obey him in this life is counterbalanced by God's wrath and hell for those who do not. The funerals of soldiers, in Plaintiffs' view, have become an internationally watched platform where the question of whether God is cursing or blessing America is being discussed. Plaintiffs and their church believe that the scriptures teach that an individual who dies on the battlefield for a nation that is at enmity with God cannot go to heaven and, despite the views of public figures and the public at large, is not a hero. Further, they observe that the lives, deaths, funerals, and public mourning of soldiers are topics of intense and detailed public discussion, with frequent lengthy media reports and routine commentary by public figures, including elected officials, clergy, military leaders, and other leaders and by members of the public.  For this reason, it is imperative to Plaintiffs' faith that the published contradictory message from public figures and others on this public topic be balanced with a scriptural message at the time it is being uttered. Further, Plaintiffs and other church members believe that funerals, burials, and memorial services are times when the eyes, ears, and hearts of mankind are attending to matters of eternity. Plaintiffs and their church believe it is too late for the dead, but not for the living to hear their message. Also, Plaintiffs and their church believe that one of the great sins of America is idolatry in the form of worshiping the human instead of God and that, in America, this has taken the form of intense worship of the dead, particularly soldiers. For all

these reasons, the public platform surrounding certain funerals are the only place where

Plaintiffs' religious message can be delivered in a timely and relevant manner to those attending

the funeral and to those participating in the public events and displays outside the funeral as well

as the public at large.

9.      Defendant City of Manchester, Missouri, is a municipality and political

subdivision of the State of Missouri.

10.     At all relevant times, Defendant and its officers and agents were acting under

color of state law.

## FACTUAL ALLEGATIONS

11.     On or about March 5, 2007, Defendant enacted ordinance no. 07-1746, which was

codified as § 210.264.

12.      As originally enacted, § 210.264 read as follows:

FUNERAL PROTESTS PROHIBITED, WHEN -- CITATION OF LAW --

DEFINITION

A.    This Section shall be known as "Spc. Edward Lee Myers' Law".

B.    It shall be unlawful for any person to engage in picketing or other protest activities

within three hundred (300) feet in front of or about any location at which a funeral is

held, within one (1) hour prior to the commencement of any funeral and until one (1)

hour following the cessation of any funeral.  Each day on which a violation occurs shall

constitute a separate offense.

C.    For the purposes of this Section, "funeral" means the ceremonies, processions and

memorial services held in connection with the burial or cremation of the dead.  (Ord. No.

07-1746 §1, 3-5-07).

13.     On December 6, 2007, the Eighth Circuit in *Phelps-Roper v. Nixon,* 590 F.3d 480

(8th Cir. 2007), a case brought by Plaintiff Shirley Phelps-Roper, held that she had demonstrated

that she is likely to prevail on the merits of her First Amendment challenge to a similar state law,

also known as "Spc. Edward Lee Myers' Law."

14.     On October 31, 2008, the Eighth Circuit granted the state officials' petition for

panel rehearing and issued a new opinion, again finding Plaintiff Shirley Phelps-Roper was

likely to succeed on the merits of several of her First Amendment claims.  *See Phelps-Roper v.*

*Nixon*, 545 F.3d 685 (8th Cir. 2008).

15.     On January 7, 2009, the state officials' petition for rehearing en banc was denied.

16.     On June 29, 2009, the state officials' petition for writ of certiorari was denied.

*Nixon v. Phelps-Roper*, 129 S.Ct. 2865 (2009).

17.     On or about July 9, 2009, Plaintiffs' attorney wrote to Defendant's attorney

advising of the status of the litigation regarding the state statute upon which § 210.264 is

modeled and demanding that Defendant take action to repeal the ordinance within thirty days.

No one on Defendant's behalf responded to the letter and, upon information and belief,

Defendant took no action toward repealing § 210.264.

19.     This action commenced on August 13, 2009.  On August 14, 2009, Plaintiff

Shirley Phelps-Roper filed a motion for preliminary injunction.  Defendant was served with the

Complaint on August 19, 2009.  On September 3, 2009, Plaintiff moved for summary judgment.

20.     On September 21, 2009, Defendant enacted Ordinance No. 09-1955, which

amends § 210.264 effective immediately upon passage and approval.  As amended, § 210.264

reads as follows:

FUNERAL PROTESTS PROHIBITED, WHEN

A.   Every citizen may freely speak, write and publish the person's sentiments on all subjects, being responsible for the abuse of the right, but no person shall picket or engage in other protest activities, nor shall any association or corporation cause picketing or other protest activities to occur, within three hundred (300) feet of any residence, cemetery, funeral home, church, synagogue, or other establishment during or within one (1) hour before or one (1) hour after the conducting of any actual funeral or burial service at that place.  No person shall picket or engage in other protest activities, nor shall any association or corporation cause picketing, or other protest activities to occur, within three hundred (300) feet of any funeral procession.

B.   As used in this section, "other protest activities" means any action that is disruptive or undertaken to disrupt or disturb a funeral or burial service or a funeral procession.

C.   As used in this section, "funeral" means the ceremonies, procession and memorial service held in conjunction with the burial or cremation of the dead.

21.   On October 19, 2009, Defendant again amended § 210.264.  The third version of § 210.264 reads:

FUNERAL PROTESTS PROHIBITED, WHEN

A.   Every citizen may freely speak, write and publish the person's

sentiments on all subjects, being responsible for the abuse of the right, but no

person shall picket or engage in other protest activities, nor shall any association

or corporation cause picketing or other protest activities to occur, within three

hundred (300) feet of any residence, cemetery, funeral home, church, synagogue,

or other establishment during or within one (1) hour before or one (1) hour after

the conducting of any actual funeral or burial service at that place.

B.      As used in this section, "other protest activities" means any action

that is disruptive or undertaken to disrupt or disturb a funeral or burial service.

C.      As used in this section, "funeral" and "burial service" mean the

ceremonies and memorial services held in conjunction with the burial or

cremation of the dead, but this section does not apply to processions while they

are in transit beyond any 300-foot zone that is established under Subsection A

above.

22.     A person convicted of a violation of § 210.264 "shall be fined not more than one

thousand dollars ($1,000.00) for each offense or imprisoned for not to exceed three (3) months,

or suffer both such fine and imprisonment as may be just." *See* § 100.100 of the City of

Manchester Code of Ordinances.  In addition, "if a person shall be convicted of the same or

similar violation of this Code for a third (3rd) time, then the fine imposed for such violation shall

be not less than five hundred dollars ($500.00) and the imprisonment imposed shall be for not

less than five (5) days and there shall be imposed both such fine and imprisonment as the judge

of the Municipal Court shall determine appropriate after considering these minimum standards

for fines and imprisonment." *Id.*

23.     Plaintiffs and other church members have been chilled from conducting pickets

7

near funerals in the City of Manchester, Missouri, and will be chilled from doing so in the future because they have feared and continue to fear arrest under § 210.264, in its various versions, for engaging in pickets that are protected by the First Amendment.

24.     Defendant enacted § 210.264, in its various versions, in response to the content and viewpoint of the pickets conducted by Plaintiffs and other members of their church.

## COUNT I

*Section  210.264 as Enacted on March 5, 2007  and Effective from*

*March 5, 2007 through September 21, 2009 is Unconstitutional Under the Free Speech*

*Provisions  of the First Amendment*

25.     Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

26.     Section 210.264, as enacted on March 5, 2007 and effective from March 5, 2007 to September 21, 2009,  is a content-based or viewpoint-based restriction on speech, or both.

27.     Section 210.264, as enacted on March 5, 2007 and effective from March 5, 2007 to September 21, 2009, is not narrowly tailored to achieve any compelling government interest.

28.     Section 210.264, as enacted on March 5, 2007 and effective from March 5, 2007 to September 21, 2009, is unconstitutionally over-broad.

29.     Section 210.264, as enacted on March 5, 2007 and effective from March 5, 2007 to September 21, 2009, fails to leave open ample alternatives for Plaintiffs' speech.

30.     Section 210.264, as enacted on March 5, 2007 and effective from March 5, 2007 to September 21, 2009, is unconstitutionally vague.

31.     Plaintiffs were chilled from engaging in pickets in the City of Manchester from March 5, 2007 to September 21, 2009 because of the ordinance.  Plaintiffs would have conducted

8

protests by picketing near funerals within the City of Manchester but for their fear of being

arrested for constitutionally protected speech because of § 210.264.

## COUNT II

*Section  210.264 as Enacted on September 21, 2009 and Effective from*

*September 21, 2009 through October 19, 2009  is Unconstitutional*

*Under the Free Speech Provisions  of the First Amendment*

32.      Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the

foregoing paragraphs of this Complaint as fully set forth herein.

33.      Section 210.264, as enacted on September 21, 2009 and effective from September

21, 2009 to October 19, 2009, is a content-based or viewpoint-based restriction on speech, or

both.

34.      Section 210.264, as enacted on September 21, 2009 and effective from September

21, 2009 to October 19, 2009, is not narrowly tailored to achieve any compelling government

interest.

35.      Section 210.264, as enacted on September 21, 2009 and effective from September

21, 2009 to October 19, 2009, is unconstitutionally over-broad.

36.      Section 210.264, as enacted on September 21, 2009 and effective from September

21, 2009 to October 19, 2009, fails to leave open ample alternatives for Plaintiffs' speech.

37.      Section 210.264, as enacted on September 21, 2009 and effective from September

21, 2009 to October 19, 2009, is unconstitutionally vague.

38.      Plaintiffs were chilled from engaging in pickets in the City of Manchester from

September 21, 2009 to October 19, 2009 because of the ordinance.  Plaintiffs would have

conducted protests by picketing near funerals within the City of Manchester but for their fear of

being arrested for constitutionally protected speech because of § 210.264.

## COUNT III

*Section  210.264 as Enacted on October 19, 2009 and Effective*

*Beginning on October 19, 2009 is Unconstitutional*

*Under the Free Speech Provisions of the First Amendment*

39.     Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

40.     Section 210.264, as enacted on October 19, 2009 and effective starting on October 19, 2009 and continuing to the present, is a content-based or viewpoint-based restriction on speech, or both.

41.     Section 210.264, as enacted on October 19, 2009 and effective starting on October 19, 2009 and continuing to the present, is not narrowly tailored to achieve any compelling government interest.

42.     Section 210.264, as enacted on October 19, 2009 and effective starting on October 19, 2009 and continuing to the present, is unconstitutionally over-broad.

43.     Section 210.264, as enacted on October 19, 2009 and effective starting on October 19, 2009 and continuing to the present, fails to leave open ample alternatives for Plaintiffs' speech.

44.     Section 210.264, as enacted on October 19, 2009 and effective starting on October 19, 2009 and continuing to the present, is unconstitutionally vague.

45.     Plaintiffs have been chilled from engaging in pickets in the City of Manchester since October 19, 2009 because of the ordinance and continue to be so chilled.  Plaintiffs would have conducted protests by picketing near funerals within the City of Manchester but for their

10

fear of being arrested for constitutionally protected speech because of § 210.264 and would do so in the future except for such fear.

WHEREFORE, the Plaintiffs pray this Court:

A.    Enter declaratory judgment finding § 210.264 of the City of Manchester Code of Ordinances, in its various versions, unconstitutional;

B.    Issue an appropriate permanent injunction to prevent the future deprivation of Plaintiffs' constitutional rights;

C.    Award Plaintiffs nominal damages for past deprivation of their constitutional rights;

D.    Award Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

E.    Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF
 EASTERN MISSOURI


/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, Mo. Bar # 518779
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112

ATTORNEY FOR PLAINTIFF