UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1298-CDP |
| | ) | |
| CITY OF MANCHESTER, MISSOURI, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant City of Manchester, Missouri, by and through counsel, and for its Answer and Affirmative Defenses to the Second Amended Complaint states as follows:

### Answer

1. Defendant lacks sufficient information to admit or deny the veracity of the allegations in this Paragraph. Consequently, the Paragraph is denied.

2. The Paragraph is admitted only insofar as it alleges that Plaintiffs' lawsuit makes certain contentions. Defendant denies any claim or implication that said contentions are correct in any way. Except as expressly admitted herein, the allegations in the Paragraph are denied.

3. Denied.

4. Defendant denies that this Court has jurisdiction over this action, as Plaintiffs lack standing to bring the claims in the Second Amended Complaint and therefore cannot invoke the jurisdiction of the Court.

5. Defendant denies that venue is proper in this Court because Plaintiffs lack standing to bring the claims in the Second Amended Complaint and therefore cannot invoke the jurisdiction of the Court.

6. Defendant lacks sufficient information to admit or deny the veracity of the allegations in this Paragraph. Consequently, the Paragraph is denied.

7. Defendant lacks sufficient information to admit or deny the veracity of the allegations in this Paragraph. Consequently, the Paragraph is denied.

8. Defendant lacks sufficient information to admit or deny the veracity of the allegations in this Paragraph. Consequently, the Paragraph is denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. The Paragraph refers to a document which speaks for itself. To the extent that the Paragraph contains factual allegations that require an answer from Defendant, they are denied.

13. The Paragraph refers to a document which speaks for itself. To the extent that the Paragraph contains factual allegations that require an answer from Defendant, they are denied.

14. The Paragraph refers to a document which speaks for itself. To the extent that the Paragraph contains factual allegations that require an answer from Defendant, they are denied.

15. Admitted.

16. The Paragraph refers to a document which speaks for itself. To the extent that the Paragraph contains factual allegations that require an answer from Defendant, they are denied.

17. The Paragraph refers to a document which speaks for itself. To the extent that the Paragraph contains factual allegations that require an answer from Defendant, they are denied.

18. The Second Amended Complaint contains no paragraph enumerated as 18.

19. Admitted.

20. Admitted insofar as Defendant, in accordance with all legal requirements,

amended § 210.264, effective September 21, 2009. The Paragraph refers to a document which speaks for itself. Except as expressly admitted herein, the allegations in the Paragraph are denied.

21. Admitted insofar as Defendant, in accordance with all legal requirements, amended § 210.264, effective October 19, 2009. The Paragraph refers to a document which speaks for itself. Except as expressly admitted herein, the allegations in the Paragraph are denied.

22. The Paragraph refers to a document which speaks for itself, and thus requires no answer from Defendant. To the extent that the Paragraph contains allegations which require an answer, those allegations are denied.

23. Denied.

24. Denied.

25. Defendant repeats, restates, and incorporates herein by reference its responses to Paragraphs 1-24 of the Second Amended Complaint, as if fully set forth herein.

26. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

27. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

28. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

29. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

30. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

31. Denied.

32. Defendant repeats, restates, and incorporates herein by reference its responses to Paragraphs 1-31 of the Second Amended Complaint, as if fully set forth herein.

33. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

34. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

35. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

36. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

37. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an

answer, they are denied.

38. Denied.

39. Defendant repeats, restates, and incorporates herein by reference its responses to Paragraphs 1-38 of the Second Amended Complaint, as if fully set forth herein.

40. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

41. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

42. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

43. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

44. The Paragraph consists entirely of a conclusion of law which requires no answer from Defendant. To the extent that the Paragraph contains allegations of fact which require an answer, they are denied.

45. Denied.

## Affirmative Defenses

1. As further answer and as affirmative defense, Defendant states that the Second Amended Complaint fails to state a claim upon which relief may be granted. Defendant

incorporates herein by reference the contents of its Motion to Dismiss and Memorandum in Support thereof, previously filed in this cause.

2.     As further answer and as affirmative defense, Defendant states that Plaintiffs lack standing to bring the claims in the Second Amended Complaint, because they have not pled and cannot plead or prove that there existed an objectively reasonable possibility that the any of the three versions of the challenged ordinance would be applied to their own activities.

3.     As further answer and as affirmative defense, Defendant states that Plaintiffs cannot bring a facial challenge because they have neither sufficiently pled, nor can they prove, that they were "chilled" by any version of the challenged ordinance.

4.     As further answer and as affirmative defense, Defendant states that because the versions of the challenged ordinance enacted on March 5, 2007 and September 21, 2009 have been repealed, the claims in Counts I and II of the Second Amended Complaint are moot. As Defendants cannot claim or prove that they were chilled by the repealed versions of the ordinance, they cannot claim nominal damages and avoid the mooting of Counts I and II.

5.     As further answer and as affirmative defense, Defendant states that because Plaintiffs lack standing to bring the claims in the Second Amended Complaint, this Court lacks subject matter jurisdiction over this cause of action.

6.     As further answer and as affirmative defense, Defendant states that Plaintiffs' claims for equitable relief is barred by the unclean-hands doctrine.

7.     As further answer and as affirmative defense, Defendant states that Plaintiffs' claims for equitable relief are barred by the doctrines of laches, waiver and estoppel. Plaintiffs claim that they learned of the adoption of the original ordinance by the Defendant some time in 2007, yet without good cause took no action to challenge it until the latter half of 2009.

8.      As further answer and as affirmative defense, Defendant states that in all matters relevant to this cause it has acted in good faith and in full compliance with the Constitution of the United States, the Constitution of the State of Missouri, and with all applicable statutes, both federal and state.

9.      As further answer and as affirmative defense, Defendant states that § 210.264 of the Municipal Code of Manchester, enacted October 19, 2009, is constitutional under the holding of *Phelps-Roper v. Strickland*, 529 F.3d 356 (6th Cir. 2008), because the presently extant version of § 210.264 is exactly the same as the Ohio statutory provisions that were upheld in *Strickland*. Defendant further states that this Court cannot deviate from the holding in *Strickland* without depriving Defendant of equal protection of the law in violation of the equal protection provisions that are inherent in the Due Process Clause of the Fifth Amendment to the Constitution of the United States because the Court will be treating Defendant differently than another entity with the exact same legislation. Defendant municipality is a corporation that is a "person" for purposes of the Due Process Clause and is entitled to its protections. *See Township of River Vale v. Town of Orangetown*, 403 F.2d 684, 686 (2d Cir. 1968) (in the context of Fourteenth Amendment). Alternatively, in deviating from the holding in *Strickland*, the Court will be treating the residents of the City of Manchester differently than another federal court treated the citizens of the state of Ohio, in violation of the equal protection rights of the residents of the City of Manchester under the Due Process Clause of the Fifth Amendment.

10.     As further answer and as affirmative defense, Defendant states that each of the three versions of § 210.264 of the Municipal Code of Manchester, as enacted on March 5, 2007, September 21, 2009, and October 19, 2009, were and are constitutional.

11.     Defendant reserves the right to amend this pleading to state other defenses,

7

including affirmative defenses, that may become known during litigation of this cause.

**JURY TRIAL DEMAND:** The City of Manchester demands a trial by jury on all issues that may be heard by a jury.

WHEREFORE, having answered fully, Defendant City of Manchester, Missouri prays that this Court dismiss the claims against it, awarding Defendant its costs and attorney's fees, and providing such other and further relief as this Court deems just and proper.

      Respectfully submitted,

      **LEWIS, RICE & FINGERSH, L.C.**


      By:   /s/ Evan Z. Reid
           Neal F. Perryman, #24715
           Evan Z. Reid, #93822
           500 N. Broadway, Suite 2000
           St. Louis, Missouri 63102
           (314) 444-7600
           (314) 241-6056 Facsimile
           nperryman@lewisrice.com
           ereid@lewisrice.com

      and

      Patrick R. Gunn, #23353
      City Attorney
      City of Manchester, Missouri
      11901 Olive Blvd., 3rd Floor
      P.O. Box 419002
      St. Louis, Missouri 63141
      (314) 432-4550
      (314) 432-4489 Facsimile
      prg@gunn-gunn.com

      Attorneys for Defendant
      City of Manchester, Missouri

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was sent via this Court's electronic mail system to counsel of record, this 22nd day of December, 2009.

                                                                     /s/ Evan Z. Reid