**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY L. PHELPS-ROPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1298-CDP |
| | ) | |
| CITY OF MANCHESTER, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO STRIKE CONCLUSORY CLAIMS IN AFFIDAVITS**

Plaintiffs' response to Defendant City of Manchester's motion seeking to strike conclusory claims from their affidavits admits that the challenged statements "standing alone without any underlying factual basis might be considered conclusory . . ." However, Plaintiffs state that their affidavits "not only assert that they have been chilled but explain how by providing evidence of their pickets and why they do not picket in Manchester." An examination of the "evidence" pointed to by Plaintiffs demonstrates that their affidavits provide no objectively reasonable proof that they were chilled from exercising their right to free expression, as is necessary to establish standing to bring this action.[1] The entirely subjective and conclusory claims of chilling in Plaintiffs' affidavits—¶¶ 8, 13 and 16 of the Affidavit of Shirley Phelps-Roper and ¶ 5 of the Affidavit of Megan Phelps-Roper—do not meet the requirements of Federal Rule of Civil Procedure 56(e) and should be stricken.

As support for their claim that factual support for their conclusory statements is included in the affidavits, Plaintiffs cite first to the Affidavit of Shirley Phelps-Roper, ¶¶ 2-3. These paragraphs merely restate the assertions regarding Ms. Phelps-Roper's religious beliefs that are

---

[1] *Republican Party of Minnesota, Third Congressional District v. Klobuchar*, 381 F.3d 785, 792 (8th Cir. 2004)

set forth in the Second Amended Complaint and have nothing to do with the Manchester ordinance.  Plaintiffs then cite paragraphs 9, 13, and 16 of Shirley Phelps-Roper's affidavit as support for their claims of chilling.  Paragraphs 13 and 16 are two of the four conclusory statements that are the target of the instant Motion to Strike.  Paragraph 9 merely states that members of Westboro Baptist Church carried out other protests in the St. Louis area.  Again, there is nothing in Paragraph 9 that supports the contention that Plaintiffs had an actual opportunity to protest at a funeral in Manchester but could not do so because of the ordinance.

The only other part of the two affidavits that Plaintiffs cite in support of their conclusory claims of chilling is Paragraph 6 of Shirley Phelps-Roper's affidavit.  In that paragraph, Ms. Phelps-Roper refers to minutes of the September 8, 2009 meeting of the City Council of Manchester.  Plaintiffs' Response in Opposition cites to these minutes as a reason for the Plaintiffs to be chilled, and implies that Plaintiffs were aware of the contents of the minutes sometime shortly after the ordinance was first enacted in March, 2007 and adjusted their conduct accordingly.  Crucially, Shirley Phelps-Roper does not claim in Paragraph 6 that the contents of the minutes had any affect on her protest activities whatsoever.  Nor does Ms. Phelps-Roper indicate when she came into possession of the City Council minutes, so it is impossible to draw any conclusions regarding when or how they might have impacted her conduct.

It is very important to note that the minutes cited in Paragraph 6 of Shirley Phelps-Roper's affidavit are dated *after* this action was filed in August, 2009.  City Council meeting minutes from September, 2009 could not have affected Plaintiffs' activities at any time that the original version of the ordinance was in effect, if they ever had an affect.  The implication made in the Response in Opposition that the minutes were known to Plaintiffs and had a negative affect on them is an obvious fabrication based on a twisting of the timeline in this case.

Nothing in the Response answers the crucial question as to ***how*** the Plaintiffs were harmed by the Manchester ordinance, which is essential to their facial constitutional claim.  The bare assertions made in the affidavits that Plaintiffs would have protested at a funeral in Manchester but for the ordinance are meaningless without some factual support showing that a funeral—any funeral—has actually occurred in Manchester at which Plaintiffs would have been able to protest but could not because of some specific provision of the ordinance.  Plaintiffs' claims require two different elements of factual support.  First, they must show a bona fide opportunity to be subject to the enforcement of the ordinance.  Second, they must show that the ordinance was the cause of their inability to take advantage of that opportunity.  Both elements of factual support are missing from Plaintiffs' affidavits, and so their claims of having been chilled by the ordinance are necessarily conclusory, not factual, and are thus contrary to Rule 56(e).

Plaintiffs' conclusory assertions of having been chilled by the ordinance are no different than a plaintiff averring that she was subject to harassment without describing a single act of harassing conduct, or a plaintiff declaring that he was subject to an unreasonable search and seizure without describing how the search was unreasonable.  The Plaintiffs here, just like the hypothetical plaintiffs above, have presented no <u>facts</u> that would entitle them to either obtain summary judgment or to successfully defend against a defendant's motion for summary judgment, and so they have not complied with Rule 56(e).  Anyone can claim that they were chilled by a legislative enactment, but without objective facts supporting their claim, that person would not have standing to challenge the constitutionality of the enactment in federal court.

Plaintiffs' Response in Opposition makes a cursory effort to distinguish the cases cited by Manchester in its Motion to Strike.  With respect to *Wheelabrator Env. Sys., Inc. v. Galante*, 136 F. Supp. 2d. 21 (D. Conn. 2001) and *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989), all that

Plaintiffs can say is that while the affiants in those cases provided no factual support for their conclusory assertions, Plaintiffs here have provided such support. As discussed above, no objective facts of any sort are set forth in Plaintiffs' affidavits in support of their conclusory claims of chilling in connection with the ordinance.

In response to Manchester's citation to *Richardson v. Oldham*, 12 F.3d 1373 (5th Cir. 1994), where the court rejected an affidavit that claimed only that "unreasonable methods" were used to conduct a search without describing the methods, Plaintiffs merely state that their affidavits "describe how long they have picketed, where they picket, why they picket, and the reason that they do not picket in Manchester." Even if this latter assertion were true, Plaintiffs have alleged only that they would have picketed in Manchester but for the ordinance, *without providing a single instance of a funeral in Manchester at which they were blocked from picketing because of the ordinance*. This bald, unsupported claim of harm is no different than that which the Court of Appeals rejected in *Richardson*.

In their conclusion, Plaintiffs make the audacious statement that "[e]ven were this Court to find a defect, any defect would be best address [sic] by reducing the weight accorded the affidavit, not by striking any portion thereof." Plaintiffs provide no support in case law for this contention. Conversely, Plaintiffs fail to contest the case law cited by Manchester showing that the proper remedy for conclusory claims in an affidavit is to strike the offending portions. Furthermore, Plaintiffs ignore the vital fact that without the Court giving full weight to the conclusory claims of chilling that are contained in their affidavits, they have no basis at all for establishing the standing that is necessary for them to maintain and prevail in this action. The conclusory claims of chilling in Plaintiffs' affidavits do not meet the requirements of Rule 56(e) and Manchester's Motion to Strike should be granted.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


By:   /s/ Evan Z. Reid
       Neal F. Perryman, #24715
       Evan Z. Reid, #93822

       600 Washington Ave., Suite 2500
       St. Louis, Missouri 63101
       (314) 444-7600
       (314) 241-6056 Facsimile
       nperryman@lewisrice.com
       ereid@lewisrice.com

       and

       Patrick R. Gunn, #23353
       City Attorney
       City of Manchester, Missouri
       11901 Olive Blvd., 3rd Floor
       P.O. Box 419002
       St. Louis, Missouri 63141
       (314) 432-4550
       (314) 432-4489 Facsimile
       prg@gunn-gunn.com

       Attorneys for Defendant
       City of Manchester, Missouri

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was sent via this Court's electronic mail system to counsel of record, this 21st day of April, 2010.

/s/ Evan Z. Reid