UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1298 CDP |
| ) | |
| CITY OF MANCHESTER, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

On September 8, 2010, I entered judgment and a permanent injunction in favor of plaintiffs on their complaint under 42 U.S.C. § 1983, holding that defendant's ordinance violated plaintiffs' First Amendment rights to free speech. Plaintiffs have now filed a bill of costs and a motion for attorney's fees under the Civil Rights Attorney's Fees Act of 1975, 42 U.S.C. § 1988(b). Defendant does not object to any of plaintiffs' claimed costs, but challenges the reasonableness of counsel's hourly rate and the total number of hours worked. Defendant also argues the requested fees should be reduced as a sanction for a mistaken allegation in plaintiffs' original complaint. After examining the record and evidence submitted by plaintiffs in their motion, I determine that plaintiffs are entitled to costs in the amount of $666.45 and attorney's fees in the amount of $29,412.45.

## Bill of Costs

Plaintiffs first submit a bill of costs in the amount of $716.45, claiming costs for fees of the Clerk, fees of the court reporter, and fees for the service of the complaint and summons by a private company. Under Fed. R. Civ. P. 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." The specific costs that are recoverable are listed in 29 U.S.C. § 1920, as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is well settled that district courts are "bound by the limitations" established by Section 1920, and costs not listed under that Section are not taxable. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

Here, plaintiffs were the prevailing parties, so they are entitled to their costs under Section 1923. Plaintiffs' first two claimed costs – for fees of the Clerk and the court reporter – are listed in Section 1920 and so are recoverable. However,

plaintiffs' claimed costs for service of the complaint and summons are not recoverable, because those services were preformed by a private company, and only service by the United States Marshal is a taxable cost under Section 1920. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Accordingly, I will grant plaintiffs' motion for costs in the amount of $666.45 only.

However, plaintiffs also move to recover all incorrectly listed costs as out-of-pocket expenses of plaintiffs' counsel, recoverable as a part of their attorney's fees. Because I determine *infra* that plaintiffs, as the prevailing parties in a civil rights action, are entitled to reasonable attorney's fees under 42 U.S.C. § 1988, and because defendant has not objected to these costs as unreasonable, I will award plaintiffs $50.00 for the fees of serving the summons and complaint as part of their attorneys' fees award under § 1988. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (although some of plaintiff's claimed costs were not listed under Section 1920 and thus were not recoverable under that section, "such costs were reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded.").

## **Attorney's Fees**

Plaintiffs next move for attorney's fees in the amount of $29,360.50, equal to the lodestar calculation of 130.5 hours of work at an hourly rate of $225.00.

Defendant objects to the reasonableness of both the hourly rate and the total number of hours worked.

As the prevailing parties in a civil rights action, plaintiffs are entitled to "reasonable" attorney's fees as part of their costs under 42 U.S.C. § 1988(b). In order to determine the amount of a reasonable fee, I should employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Quigley v. Winter*, 598 F.3d 938, 958 (8th Cir. 2010). Once I have determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or downward.[1] *Hensley*, 461 U.S. at 434; *see also City of Riverside v. Riveria*, 477 U.S. 561, 568 n.3 (1986).

In its opposition to plaintiffs' motion, defendant first contends counsel's hourly rate of $225.00 should be reduced to $175.00, because plaintiffs have not submitted sufficient evidence showing the reasonableness of that amount. I disagree. Attorney's fees awarded under 42 U.S.C. § 1988 "are to be based on

---

[1]The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *see also Arbor Hills Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 186-90 (2d Cir. 2008) (discussing the interplay of the lodestar approach and *Johnson* factors).

market rates for the services rendered." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). Judge Webber recently approved the same hourly rate for plaintiff's counsel in another civil rights litigation case. *See Day v. Robinwood W. Cmty. Improvement Dist.*, No. 4:08CV1888 ERW [#74] (E.D. Mo. Sept. 20, 2010).

Additionally, plaintiffs have submitted surveys listing the range of hourly billing rates for St. Louis and Kansas City law firms in 2005, revealing that the requested hourly rate of $225.00 is within the local market rate. Defendant responds that the issues in this case – whether a city ordinance violated the First Amendment – were not so complicated, and so counsel should not be awarded an hourly rate similar to those charged by law firms litigating complex commercial cases. I disagree that the issues presented by this case were easier to resolve than those presented by a complex commercial litigation case. In any event, defendant's argument has no basis in the law. *Cf. Rivera*, 477 U.S. at 575 (rejecting the contention that fees awards in civil rights cases should be reduced because of a lower amount of damages awarded, because "Congress made clear that it intended that the amount of fees awarded under § 1988 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases . . .") (internal quotation marks and citation omitted).

Defendant's other argument for reducing the hourly rate – plaintiff's counsel requested and I awarded a smaller hourly rate in 2008 in a different civil

rights litigation case – also fails. Since that time, plaintiff's counsel has litigated several more civil rights cases, and his additional experience is reflected in the increased hourly rate of $225.00. Accordingly, I determine based on the record and evidence before me that an hourly rate of $225.00 is reasonable.

Next, defendant contends plaintiffs have inadequately supported their request for fees for 130.50 hours worked, and so requests a fifty-percent reduction of the total fees awarded. Specifically, defendant argues counsel has "block billed": counsel's list of tasks performed and the amount of time spent working on them includes all tasks performed on that day. *See also King v. Turner*, No. 05-388 (JRT/FLN), 2007 WL 1219308, at *3, (D. Minn. Apr. 24, 2007) ("Block billing is lumping together of daily time entries consisting of two or more task descriptions."). For instance, defendant takes issue with the following description: "8/13/2009 edit complaint, draft preliminary injunction motion and memorandum, prepare summons & civil cover sheet; file complaint 1.6." Although other circuits have expressed concern with block billing, "the Eighth Circuit has no requirement against the use of block billing." *Id.* Additionally, I conclude that, in this case, the entries in counsel's list are sufficiently detailed for me to review what tasks were performed by counsel and to determine whether counsel's requests are reasonable or duplicative. Nothing more is required. *See id.*; *see also Monsanto Co. v. David*, No. 4:04CV425 HEA, 2006 WL 2669076, at *1 (E.D. Mo. Sept. 14,

2006) (overruling defendant's objection to plaintiffs' counsels' block billing because the evidence "sufficiently detail[ed] the actions taken by the attorneys and the paralegals.").

I note finally that I will deny defendant's request to reduce the lodestar amount by fifty percent as a sanction under Fed. R. Civ. P. 11. Defendant claims in its briefs that the amount should be reduced because plaintiffs incorrectly alleged in their original complaint that they protested in Manchester, Missouri. Defendant is correct that plaintiffs never protested in Manchester, but plaintiffs never included this allegation in any of their later amended complaints, including the second amended complaint on which I entered judgment in plaintiffs' favor. Additionally, as plaintiffs point out in their reply brief, any request for a sanction should be made separately from other motions or requests. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003) ("Pursuant to the plain language of Federal Rule of Civil Procedure 11(c)(1)(A), party-initiated motions for sanctions 'shall be made separately from other motions or requests and shall describe the specific conduct.'"). Even if defendant had followed the proper procedure by filing a separate motion, I would not have sanctioned plaintiffs for their mistake. The incorrect allegation was removed from all future amendments and did not affect any dispositive issue in this case, and there is no evidence to suggest that the allegation was anything more than a mistake by counsel.

For these reasons, I determine that counsel's hourly rate of $225.00 and the number of hours he spent working on this case, 130.50, are both reasonable and sufficiently supported by evidence. Thus, I will apply the lodestar method of multiplying these figures and conclude that plaintiffs are entitled to attorneys fees of $29,412.50.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a bill of costs [#62] is granted in part and denied in part to the extent that the Clerk of the Court shall tax costs in the amount of $666.45.

**IT IS FURTHER ORDERED** that plaintiffs' motion for attorney's fees [#63] is granted, and defendant is required to pay plaintiffs their reasonable attorney's fees of $29,412.50.

                                             _____
                                             CATHERINE D. PERRY
                                             UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2010.

---

[2] As discussed above, this figure includes the $50.00 plaintiffs request for their reasonable out-of-pocket expenses.